UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ALBERTO RAPOSO,            : | |
|     Petitioner,          : | |
| : | PRISONER |
| v.                        : | CASE NO. 3:14cv1447 (VLB) |
| : | |
| USA,                      : | October 14, 2014 |
|     Respondent.         : | |

### RULING ON PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Alberto Raposo, currently confined at the Federal Correctional Institution in Danbury, Connecticut, filed this habeas corpus action, pursuant to 28 U.S.C. § 2241, challenging his conviction for felony murder. For the reasons that follow, the petition is dismissed.

I.  Procedural Background

The petitioner was convicted of arson resulting in the death of a firefighter, in violation of 18 U.S.C. § 844(i). He was sentenced to a term of imprisonment of 254 months followed by a five-year term of supervised release. The conviction was affirmed on direct appeal. *United States v. Raposo*, 205 F.3d 1326 (2d Cir. 2000), *cert. denied*, 530 U.S. 1210 (2000). The petitioner then filed a petition pursuant to 28 U.S.C. § 2255, which was denied initially and on appeal. *See* Pet. at 5. In December 2013, the petitioner sought leave to file a second section 2255 petition. Leave was denied. *See id.*

II.     Standard of Review

A motion filed pursuant to 28 U.S.C. § 2255 is the proper vehicle for a federal prisoner "claiming the right to be released upon the ground . . . that the court was without jurisdiction to impose [the] sentence." 28 U.S.C. § 2255(a). *See Poindexter v. Nash*, 333 F.3d 372, 377-78 (2d Cir. 2003) (noting general rule that federal prisoner must use section 2255 rather than section 2241 to challenge constitutionality of conviction or sentence). A habeas petitioner can seek relief under section 2241 only if the remedy provided by section 2255 is "inadequate or ineffective" to test the legality of his detention and the "failure to allow for collateral review would raise serious constitutional questions." *Middleton v. Schult*, 299 F. App'x 94, 95 (2d Cir. 2008) (quoting *Triestman v. United States*, 124 F.3d 361, 377 (2d Cir. 1997)) (internal quotations omitted).

A section 2255 motion is not "inadequate or ineffective" merely because the petitioner does not meet this section's stringent gate-keeping requirements. *See Bryce v. Scism*, No. 3:09CV2024(WWE), 2010 WL 5158559, at *3 (D. Conn. Dec. 13, 2010) (motion pursuant to section 2255 is not inadequate or ineffective because prisoner is procedurally barred from filing section 2255 motion). Rather, the exception provided under section 2255 is extremely narrow and has been held to apply only in unusual situations. The Second Circuit has recognized an exception only where a prisoner can prove actual innocence on the existing

2

record and could not have raised his claim of innocence at an earlier time.  *See id.* (citing *Triestman*, 124 F.3d at 363).

III.    Discussion

The petitioner is challenging his conviction.  Thus, his proper recourse is a motion filed pursuant to section 2255.  The petitioner already has filed a motion pursuant to this section in the United States District Court for the Southern District of New York.  *See Raposo v. United States*, No. 01 Civ. 5870(DAB), 2004 WL 1043075 (S.D.N.Y. May 7, 2004).  He recently filed a request for leave in the Second Circuit to file a second section 2255 motion asserting the same grounds raised in this petition.  *See Raposo v. United States*, No. 13-4687 (2d Cir. Jan. 22, 2014) (Dkt. #6).  The request was denied.  *See id.* (Dkt. #22).

Immediately following that denial and before the mandate issued, the petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Pennsylvania, asserting the same claims.  That court concluded that section 2241 could not be used to circumvent the gatekeeping requirements of section 2255 and dismissed the petition.  *See Raposo v. United States*, Civil Action No. 3:14-0303, 2014 WL 671258, at *1-2 (M.D. Pa. Feb. 21, 2014), *aff'd* 574 F. App'x 70 (3d Cir. 2014).

The petitioner has refiled his section 2241 petition.   He contends that he became aware of a change in the law after the conclusion of his direct appeal and section 2255 motion.  The petitioner was aware of the law when he filed his motion for leave to file a second section 2255 motion and his section 2241

3

petition in Pennsylvania. Both courts rejected the claims. The fact that the petitioner was denied leave to file a second section 2255 motion does not render section 2255 inadequate to protect his rights. *See Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir. 2001); *Bryce,* 2010 WL 5158559, at *3. As the petitioner has not shown that section 2255 is inadequate or ineffective, this petition is dismissed.

IV.     Conclusion

The petition is DISMISSED as the Court lacks jurisdiction to entertain the claims. Any appeal of this order would not be taken in good faith. Thus, a certificate of appealability will not issue. The Clerk is directed to enter judgment and close this case.

_____/s/_____
Vanessa L. Bryant
United States District Judge

SO ORDERED this 14th day of October 2014, at Hartford, Connecticut.